UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC STONE-DUNLAP, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00551-JPH-MJD |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS, DISCUSSING OTHER PENDING MOTIONS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Eric Stone-Dunlap's petition for writ of habeas corpus challenges the revocation of his parole as it relates to his 2012 state-court conviction in Indiana case no. 49G02-1206-FA-039533. The respondent has filed a motion to dismiss arguing that the petition is untimely, and that Mr. Stone-Dunlap failed to exhaust state court remedies. For the following reasons, the motion to dismiss is **granted**, and the petition is dismissed without prejudice.

## I. Background

### A. Crime and Previous State Post-Conviction Proceedings

Mr. Stone-Dunlap was sentenced to a 20-year commitment to the Indiana Department of Correction ("IDOC") on October 10, 2012, for attempted murder. *See State v. Stone-Dunlap*, case no. 49G02-1206-FA-039533, chronological case summary available at mycase.in.gov.

1

Mr. Stone-Dunlap filed a petition for post-conviction relief on January 14, 2017, which was dismissed with prejudice on March 14, 2019. *See State v. Stone-Dunlap*, case no. 49G02-1701-PC-003168.

Indiana's post-conviction rules require that a petitioner must obtain permission from the Indiana Court of Appeals to file a successive petition by filing a "Successive Post-Conviction Relief Rule 1 Petition Form" and submitting it to the Clerk of the Indiana Supreme Court, Indiana Court of Appeals, and Tax Court. Ind. P-C.R. 1(12)(a).

Mr. Stone-Dunlap submitted a request to the Indiana Court of Appeals to pursue a successive petition for post-conviction relief on October 29, 2020, and was assigned cause number 20A-SP-2062. Dkt. 53-1 at 1. That petition challenged his underlying conviction. *Id.* at 2-3. The Indiana Court of Appeals declined to authorize the petition on December 3, 2020. Dkt. 53-2.

While it is not clear in the record as to the date, at some point, Mr. Stone-Dunlap was released from IDOC onto parole.

**A. Procedural Background of Habeas Action**

On March 25, 2024, Mr. Stone-Dunlap filed a document titled "petition for writ of habeas corpus," and this action was opened. Dkt. 1. The petition did not describe his grounds for relief. *Id.* Rather, he stated, "I was ordered in case 1:23-cv-02199-JRS-TAB to refile this petition after exhausting my state court remedies, I have now exhausted them[.]" *Id.* at 1. Mr. Stone-Dunlap then proceeded to describe his efforts to exhaust. *Id.* at 1-4. The Court ordered Mr.

2

Stone-Dunlap to file an amended petition that clarified what state court action he was challenging. Dkt. 5.

Mr. Stone-Dunlap filed his amended petition piecemeal, *see* dkts. 7, 8, 9, and 13, and the Court directed the clerk to file the various filings as one amended petition, dkt. 15. The amended petition is at docket 16.

The amended petition lists one ground for relief, "innocence," and in support, Mr. Stone-Dunlap states, "My parole never [illegible] on file with the state shows that my parole was revoked for the crime of intimidation, and it also shows that this crime was not committed." *Id.* at 17. For relief, Mr. Stone-Dunlap requests "discharge, my 2 year parole term is complete." *Id.* at 14. The Court issued an order to show cause to the respondent based on its understanding that Mr. Stone-Dunlap was challenging his parole revocation. Dkt. 22.

Because the amended petition had so little information, the respondent filed a motion for a more definitive statement. Dkt. 33. The Court granted that motion and ordered Mr. Stone-Dunlap to provide the respondent with information about when his parole term began, the date he was alleged to have violated parole, the date his parole violation hearing was held or his parole was revoked, and the facility in which he was incarcerated at the time of the revocation. Dkt. 36 at 1. Mr. Stone-Dunlap responded that he did not have this information due to his prison conditions. Dkt. 35.

Even without the supplemental information, the respondent filed a motion to dismiss arguing that Mr. Stone-Dunlap's petition was untimely because it was

3

filed more than one year after his parole was revoked and he had failed to exhaust available state court remedies.

One document in support of the motion to dismiss provides some clarity as to the nature of Mr. Stone-Dunlap's habeas petition. In a petition for post-conviction relief filed in Marion County on January 3, 2023, Mr. Stone-Dunlap stated that he was challenging the actions of Indiana Parole board members that resulted in him being "sentenced to 1 year on 9/28/22." Dkt. 53-6 at 2. He explained,

> On 8-16-22 my parole officer Suzanne Rochell arrested me at my home for the crime of intimidation and transported me to Marion County Jail where I stayed for 3 days with no charges being filed without the authorities being made aware of the crime and no court hearings being conducted. I was then sent to prison and I am still there, and still have not been charged or been to court. See parole documents on file in this facility or parole district 3 in Indianapolis IN.

*Id.* at 3.

### B. Mr. Stone-Dunlap's Efforts to Exhaust

Mr. Stone-Dunlap filed a habeas action in this Court on December 14, 2022, challenging his parole revocation. *See Stone-Dunlap v. State of Indiana*, 1:22-cv-2403-JRS-MG, dkt. 1 (*Stone-Dunlap I*).

On January 3, 2023, Mr. Stone-Dunlap filed a petition for post-conviction relief in the Marion County Superior Court. Dkt. 53-6. The petition was summarily dismissed because he had not received permission from the Indiana Court of Appeals to file a successive post-conviction petition. Dkt. 53-7 (citing Ind. Post-Conviction Rule 1(12)).

4

On June 8, 2023, this Court dismissed *Stone-Dunlap I* for failure to exhaust state court remedies. *See Stone-Dunlap I* at dkt. 32.

Mr. Stone-Dunlap states in the instant petition that he submitted a request to file a successive post-conviction petition that went unanswered by the Indiana Court of Appeals, and that he has thus satisfied the exhaustion requirement "because it has been 90 days and the Indiana Court of Appeals has not ruled on [his request to file a successive post-conviction petition]." Dkt. 1 at 1-2. He submitted an August 4, 2023, letter from the Indiana Clerk of the Appellate Courts and filings from an Indiana Court of Appeals case.

The August 4, 2023, letter from the Clerk of Appellate Courts states that his motion to file belated notice of appeal and petition for successive post-conviction relief "do not reference a trial court case number and your Motion to File Belated Notice of Appeal refers to a Federal Court matter [1:22-cv-2403-JRS-MG]." Dkt. 1-1 at 1. The letter informed Mr. Stone-Dunlap that the Indiana courts do not have jurisdiction over federal matters and that his petition for successive post-conviction relief did not include a copy of the proposed petition. *Id.* The February 21, 2024, correspondence from the Clerk of Appellate Courts informed Mr. Stone-Dunlap that the only successive petition for post-conviction it had in its records was related to 20A-SP-2062, the successive petition that had been denied in December 2020. Dkt. 53-4.

On June 7, 2024, Mr. Stone-Dunlap filed a self-styled "Praecipe" in 20A-SP-2062. Dkt. 53-5. The filing references a "successive PCR" sent in "November or December" and Mr. Stone-Dunlap asks the court to "please consult with the

5

facility." *Id.* at 1. Mr. Stone-Dunlap attached IDOC forms, a receipt for legal mail received from this Court's Clerk, and a blank IDOC interview request. *See id.* at 1-4.

The IDOC's website lists Mr. Stone-Dunlap's earliest possible release date as March 5, 2031. *See* Indiana Department of Correction, "Incarcerated Search," https://www.in.gov/apps/indcorrection/ofs/ofs (last visited Sept. 10, 2025).

## II.    Dismissal of Petition

Respondent argues that Mr. Stone-Dunlap's petition must be dismissed because the petition is untimely, and because he has failed to exhaust his state court remedies.

### A. Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has one year from the date his judgment becomes final to file a petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The relevant provision provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the *judgment of a State court.* The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

6

>been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) (emphasis added).

In *Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002), the Seventh Circuit held that the one-year limitations period did not apply to a prison disciplinary proceeding because the petitioner was in custody pursuant to a prison disciplinary board rather than the judgment of a state court. This Court, finding a parole board analogous to a disciplinary board, has been reluctant to apply the statute of limitations to parole revocation proceedings. *See, e.g., Truth v. Sevier*, 1:22-cv-01906-RLY-MJD (S.D. Ind. 2023) (dkt. 19 at 3); *Jennings v. Sevier*, No. 1:22-cv-02040-MPB-TAB, 2023 WL 3688054, at *2 (S.D. Ind. May 26, 2023); *Blanton v. Warden*, No. 1:21-cv-01963-JRS-MKK, 2023 WL 6276071, at *3 (S.D. Ind. Sept. 26, 2023); *Hayes v. Sadecki*, No. 1:20-cv-01437-JRS-MJD, 2021 WL 1531199, at *2 (S.D. Ind. Apr. 18, 2021).

The Respondent argues that there are valid reasons why *Cox* should be revisited, and that the Seventh Circuit should find that AEDPA's one-year time limit applies to all Section 2254 petitions. Dkt. 54 at 6-14. But the respondent also acknowledges that when provided the opportunity to overrule *Cox*, the Seventh Circuit recently declined to do so because the petition could be rejected

on the merits. *Id.* at 8 (citing *Juarez v. Reagle*, No. 21-2157, 2022 WL 1548936 at *2 (7th Cir. May 17, 2022)).

This Court will bypass the timeliness question for two reasons. First, this case can be resolved on the exhaustion issue, thus avoiding the need to challenge existing Seventh Circuit precedent. Second, neither Mr. Stone-Dunlap's filings nor the Respondent's exhibits paint a clear picture of when, or if, Mr. Stone-Dunlap had a formal hearing to revoke his parole. Thus, the Court proceeds to discuss Mr. Stone-Dunlap's efforts to exhaust.

### B. Exhaustion

"The federalism principles underpinning the federal habeas statute require state prisoners to exhaust state remedies before seeking federal postconviction relief." *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023) (citing 28 U.S.C. § 2254(b)(1)). To satisfy the statutory exhaustion requirement, a petitioner must "fairly present his federal claim to the state courts through one complete round of state court review, whether on direct appeal or in post-conviction proceedings." *Whatley v. Zatecky*, 833 F.3d 762, 770–71 (7th Cir. 2016).

In Indiana, petitioners have two potential paths for challenging a parole revocation. The petitioner may file a petition for post-conviction relief pursuant to Indiana Post-Conviction Rule 1(1)(a)(5). *See also Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct. App. 2016) (instructing trial court to grant post-conviction relief on petitioner's challenge to parole revocation). If the individual has previously litigated one petition for post-conviction relief, Indiana's post-conviction rules require that he obtain leave of the Indiana Court of Appeals

before he pursues a second petition. Ind. Post-Conviction Rule 1(12); *see Currie v. State*, 82 N.E.3d 285, 287 (Ind. Ct. App. 2018) ("If the petitioner has sought post-conviction relief before . . . he or she must follow the procedure found in Post-Conviction Rule 1(12) for successive petitions[ ]" and "request and receive permission from the appellate court to pursue a successive petition for relief."); *see also Blanton v. Sevier*, 167 N.E. 3d 716, 2021 WL 938367, *2–3 (Ind. Ct. App. Mar. 12, 2021) (unpublished) (finding that trial court properly dismissed post-conviction petition challenging parole revocation as an unauthorized successive petition because petitioner had previously challenged underlying conviction in post-conviction proceedings).

Alternatively, if the petitioner alleges that he is entitled to immediate release, he may also file a petition for a writ of habeas corpus in the county in which he is incarcerated. *Harrison v. Knight*, 127 N.E.3d 1269, 1271 (Ind. Ct. App. 2019) (discussing applicability of Ind. Code Section 34-25.5-1-1 to challenges to parole). In *Harrison,* the petitioner alleged that he was entitled to immediate release when he was detained on a parole violation. The petitioner had been arrested and accused of new state law criminal charges, and he waived his right to a preliminary parole violation hearing. *Id.* at 1270. But the state also declined to formally charge him with the new criminal charges until his parole violation hearing was held, leaving him in legal limbo. *Id.* at 1272. The Court of Appeals determined that Mr. Harrison presented a colorable claim that he was entitled to immediate release on account of a due process violation and remanded the matter to the trial court. *Id.* at 1273.

Thus, Mr. Stone-Dunlap has state court remedies—either a petition for post-conviction relief after he has obtained permission to pursue a successive petition, or a petition for a writ of habeas corpus. The exhaustion requirement, however, is not absolute. A petitioner does not have to exhaust in state court "where there may exist 'an absence of available State corrective process' or where state remedies prove 'ineffective to protect the rights of the applicant.'" *Evans*, 66 F.4th at 682 (quoting 28 U.S.C. § 2254(b)(1)(B)). Seventh Circuit "case law makes clear that a state-law remedy can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Id.*

In his response in opposition to the motion to dismiss, Mr. Stone-Dunlap insists that the clerk of the Indiana Supreme Court "has thrown away" his motion for leave to file a successive petition and replaced it with blank forms. Dkt. 57 at 1. It is petitioner's burden, however, to prove that he exhausted his state court remedies. *Stone-Dunlap v. Corr. Indus. Facility*, No. 1:18-cv-00811-TWP-TAB, 2018 WL 11241638, at *2 (S.D. Ind. June 15, 2018) (citing *Baldwin v. Lewis*, 442 F.2d 29 (7th Cir. 1971)). The Clerk of the Appellate Court's responses (that have been submitted by both Mr. Stone-Dunlap and Respondent) show that the state is not attempting to thwart Mr. Stone-Dunlap's efforts to pursue a successive petition. Rather, the clerk has explained why Mr. Stone-Dunlap's submissions fail to comply with Indiana's procedural rules for pursuing successive relief. Because it is this failure that has prevented Mr. Stone-Dunlap to receive a decision from the Indiana Court of Appeals, rather than any action by the state, he may not bypass the exhaustion requirement.

10

Further, to the extent that Mr. Stone-Dunlap argues in his amended petition that his term of parole has expired and that he is entitled to immediate release, he does not explain why he has not tried to file a habeas petition under Indiana Code Section 34-25.5-1-1. Thus, the Court concludes that Mr. Stone-Dunlap has available state court remedies to pursue, and this petition must be **dismissed** for failure to exhaust.

Finally, the Court notes that Mr. Stone-Dunlap argues that he is innocent of the crime of intimidation that supported his parole revocation in his amended petition, dkt. 16 at 17, and in his response and in his motion to amend his response in opposition to Petitioner's motion to dismiss, dkts. 57 and 62.

Mr. Stone-Dunlap does not provide any information about the parole proceedings themselves, but to be clear, an individual may have his parole revoked for violating a term of his parole; he need not commit a new crime and have the elements of a crime proven beyond a reasonable doubt. *Thompson v. Duke*, 882 F.2d 1180, 1186 (7th Cir. 1989). In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment affords a parolee facing parole revocation limited protections. For a parolee,

> [T]he minimum requirements of due process include written notice of the charges of parole violation, disclosure to the parolee of the evidence against him, an opportunity to be heard in person and to present evidence, the right to confront and cross-examine adverse witnesses, a "neutral and detached" hearing board, and a written statement by the fact-finders of the evidence relied upon and the reasons for revoking parole.

*Harris v. State*, 836 N.E.2d 267, 280 (Ind. Ct. App. 2005) (citing *Morrissey*, 408 U.S. at 489–90). Mr. Stone-Dunlap's arguments related to his innocence are either misplaced in the context of his parole revocation proceedings, or they must be dealt with when an Indiana court hears the merits of his claims related to his parole violation. Accordingly, Mr. Stone-Dunlap's motion to amend his response, dkt. [62], is **granted**, but his arguments are, nevertheless, unavailing.

In summary, Respondent's motion to dismiss, dkt. [53], is **granted** on the basis that Mr. Stone-Dunlap has failed to exhaust available state court remedies.

### III.   Other Pending Motions

As discussed, Mr. Stone-Dunlap's motion to amend response, dkt. [62], is **granted** to the extent that the Court has considered and discussed his argument in the previous section. His motions for summary judgment, dkts. [37], [40], [56], and [63], emergency motion for temporary restraining order, dkt. [38], motion for default judgment, dkt. [67], and motion for leave to proceed in forma pauperis, dkt. [68], are **denied as moot.**

Mr. Stone-Dunlap has filed a motion "for the rest of the court record of this case." Dkt. [64]. The motion **is granted in part and denied in part**. The motion **is granted** to the extent that the **clerk is directed** to send Mr. Stone-Dunlap a copy of the docket sheet with his copy of this order. It **is denied** in all other respects. First, it is unclear which documents Mr. Stone-Dunlap is requesting. Second, the Court will not automatically provide him with copies of everything he has filed or will file. If there are specific documents Mr. Stone-Dunlap needs, he may request them by separate motion.

12

Mr. Stone-Dunlap has also filed two motions requesting copies, stating that the Supreme Court has directed him move for copies of all the orders in this matter. Dkts. [77] and [78]. Mr. Stone-Dunlap provides no other information about the alleged court order, and his motions are **denied**.

Deputy Attorney General Thomas S. Pratt's motion to withdraw his appearance, dkt. [79], is **granted**.

### IV.   Conclusion

Respondent's motion to dismiss, dkt. [53], is **granted** because Mr. Stone-Dunlap failed to exhaust his state court remedies. Accordingly, Mr. Stone-Dunlap's petition is **denied without prejudice**.

Mr. Stone-Dunlap's motion to amend response, dkt. [62], is **granted** to the extent that the Court considered his additional argument. His motions for summary judgment, dkts. [37], [40], [56], and [63], emergency motion for temporary restraining order, dkt. [38], motion for default judgment, dkt. [67], and motion for leave to proceed in forma pauperis, dkt. [68], are **denied as moot.**

Mr. Stone-Dunlap's motion for copies, dkt. [64], is **granted in part and denied in part**. **The clerk is directed** to send Mr. Stone-Dunlap a copy of the docket sheet with his copy of this order. His motions for copies, dkts. [77], [78], are **denied**.

Mr. Pratt's motion to withdraw his appearance, dkt. [79], is **granted**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 9/11/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

13

Distribution:

ERIC STONE-DUNLAP
201315
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel